**JUAN CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General,\* Respondent.**

**No. 07–5321–ag.**

United States Court of Appeals, Second Circuit.

June 4, 2009.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Oleh R. Tustaniwsky, Pacific Law Office, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Blair T. O'Connor, Assistant Director; Cindy S. Ferrier, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Juan Chen, a native and citizen of the People's Republic of China, seeks review of an October 29, 2007 order of the BIA affirming the April 14, 2006 decision of Immigration Judge ("IJ") Alan L. Page, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Juan Chen,* No. A97 390 266 (B.I.A. Oct. 29, 2007), *aff'g* No. A97 390 266 (Immig. Ct. N.Y. City Apr. 14, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

## I. Forced Marriage Claim

We conclude that the IJ's adverse credibility finding is supported by substantial evidence. In a pre-REAL ID Act case like the one at issue here, to form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–309 (2d Cir.2003).

In making his adverse credibility determination, the IJ relied on inconsistencies that arose between Chen's testimony and the record of her credible fear interview. As an initial matter, we find the record of Chen's credible fear interview to be sufficiently reliable to form the basis of a credibility finding. *Cf. Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004).

Specifically, the IJ identified inconsistencies between: (1) Chen's testimony that Zhou Min came to her house in mid-May and her statement in her credible fear interview that he came on May 1, 2003; (2) Chen's testimony that Zhou Min only came to her house once and her statement in her credible fear interview that he came twice; (3) her testimony that Zhou Min only assaulted her father and her statement in her credible fear interview that he also assaulted her brother. We conclude that these inconsistencies are substantial inasmuch as they cast doubt on whether Zhou Min came to Chen's home to ask for her hand in marriage or whether he presented a violent threat, both central aspects of her claim. *See Secaida–Rosales,* 331 F.3d at 308–309. Moreover, the IJ was not required to credit Chen's explanations for these inconsistencies where a reasonable fact-finder would not have been compelled to do so. *See, e.g., Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Because these inconsistencies provide substantial evidence in support of the IJ's

adverse credibility determination, we conclude that the IJ properly denied Chen's application for asylum to the extent it was based on her claim of forced marriage. Further, inasmuch as Chen based her claims for withholding of removal and CAT relief on the same factual predicate, those claims necessarily fail. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

## II. Family Planning Claim

Chen also argues that the agency erred in finding that she had failed to establish a well-founded fear of persecution in China on account of her U.S.-born children. However, Chen's argument fails because, when we have previously reviewed the BIA's consideration of similar evidence, we have found no error in its conclusion that such evidence was insufficient to establish an objectively reasonable fear of persecution. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 159–62 (2d Cir.2008); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Accordingly, we conclude that the BIA properly concluded that Chen provided insufficient evidence to establish a well-founded fear of persecution on account of her purported violation of the family planning policy in China. *Jian Xing Huang v. INS,* 421 F.3d 125, 128–29 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending mo-

tion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).